IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONNIE D. WHITE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-cv-908-DRH |
| | ) |
| **EDDIE JONES,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter is before the Court *sua sponte.*

### BACKGROUND

On November 19 2007, Plaintiff, currently an inmate at the Tamms Correctional Center, brought an action for deprivations of his civil rights pursuant to 42 U.S.C. § 1983 in the United States District Court for the Central District of Illinois. *See White v. Jones*, Case No. 07-cv-1311 (C.D. Ill.). Plaintiff's original complaint concerned conditions of confinement at Pontiac Correctional Center, which is located in the Central District.

On the same date, Plaintiff submitted an application to proceed *in forma pauperis* (Doc. 2). On December 4, 2007, Magistrate Judge John A. Gorman granted Plaintiff's motion to proceed *in forma pauperis* and waived the assessment of an initial partial filing fee (Docket Text Order, Dec. 4, 2007).

On January 11, 2008, Plaintiff made an oral motion for appointment of counsel. The Honorable Harold A. Baker appointed counsel for Plaintiff in February 2008.

On December 19, 2008, appointed counsel filed a motion for leave to file an amended complaint (Doc. 60). On December 22, 2008, Judge Baker granted the motion to file an amended complaint and, on December 23, 2008, Plaintiff's "Verified First Amended Complaint" (Doc. 62) was docketed.

Defendants challenged Judge Baker's Order granting Plaintiff's motion to amend on the ground that the "Verified First Amended Complaint" (Doc. 62) raised new claims involving new incidents that had occurred at Tamms Correctional Center - a prison that is located in the Southern District of Illinois. Defendants apparently contended that the Central District did not have jurisdiction over the claims concerning incidents which had occurred at Tamms. *See* 28 U.S.C. § 1391(b). Judge Baker directed the parties to confer and attempt to reach an agreement on the claims that should be transferred from the Central District to the Southern District. *See* (Doc. 158). The parties were directed "to identify the specific paragraphs of the complaint and defendants that should be transferred" to the Souther District. *Id*.

On October 27, 2009, pursuant to the parties' agreement, Judge Baker transferred some of Plaintiff's claims in the "Verified First Amended Complaint" (Doc. 62) to this Court. Specifically, Judge Baker transferred to this Court portions of Count I, all of Count III, all of Count V, all of Count VI, and all of Count VII. With respect to the transferred claim, Judge Baker ordered that "[n]o summons shall issue . . . unless directed by the transferee court." *Id*.

**DISCUSSION**

According to this Court's records, Plaintiff - a frequent filer - is barred from proceeding *in forma pauperis* unless he is "under imminent danger of serious physical injury" because he has had, on at least three occasions before commencing this action in the Central District of Illinois, actions dismissed as frivolous, malicious, or for failing to state a claim. 28 U.S.C. §

1915(g). The cases which this Court counts as "strikes" for Plaintiff are: *White v. Bate*, Case No. 1:00-cv-1116 (C.D. Ill.) (Rule 12(b) dismissal on Jan. 29, 2001; and dismissal pursuant to 28 U.S.C. § 1915A on May 23, 2001);[1] *White v. Hunter*, Case No. 1:04-cv-4964 (N.D. Ill.) (Dismissal on August 6, 2004, of Plaintiff's insufficient exercise claims as barred by statute of limitations and for failing to state a claim); and *White v. Snyder*, Case No. 1:06-cv-2851 (N.D. Ill.) (Dismissal on May 30, 2006, pursuant to 28 U.S.C. § 1915(e)(2)(B)).

This Court notes that Plaintiff ultimately voluntarily dismissed *White v. Hunter*, but only after several claims had been dismissed on threshold review by the Northern District and only after Plaintiff unsuccessfully moved the Northern District to have the dismissed claims reinstated. It would frustrate the purpose of 28 U.S.C. § 1915(g) if a prisoner plaintiff could file a meritless lawsuit, await the outcome of a court's threshold review of the complaint, and then move for voluntary dismissal if the reviewing court found the complaint to be wanting. *Sumner v. Tucker*, 9 F. Supp.2d 641, 644 (E.D. Va. 1998). Consequently, this Court counts *White v. Hunter* as "strike two" of Plaintiff's three allotted strikes.

It is unclear why the Central District of Illinois allowed Plaintiff to proceed *in forma pauperis* in this case. However, by transferring a portion of Plaintiff's complaint to this Court (because the Central District lacked jurisdiction over the transferred claims), this Court was required to open a new case for Plaintiff. The new case required Plaintiff to pay the full filing fee or to seek leave to proceed *in forma pauperis*. *See* 28 U.S.C. §§ 1914(a) and 1915. In many cases, a prisoner's *in forma pauperis* status would "continue" in the transferee court. But, as this case demonstrates, not every case.

---

[1] Although there are two dismissals in this case, the Court only counts one "strike" for purposes of § 1915(g). *See George v. Smith*, 507 F.3d 605 (7th Cir. 2007); *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004).

The allegations in the "Verified First Amended Complaint" do not show that Plaintiff is under imminent danger of serious physical injury at the time the amended complaint was filed (or, for that matter, at the time the original complaint was filed). The claims transferred to this Court by the Central District involve retaliatory actions, conditions of confinement, and denial of medical care that occurred during the period of April 10, 2007 and October 17, 2007. As noted above, the original complaint was not filed with the Central District until November 19, 2007. The "Verified First Amended Complaint" - which added the claims at issue here - was not filed until December 2008. The relevant portions of the amended complaint were not transferred to this Court until October 27, 2009. Accordingly, Plaintiff's complaint does not satisfy the "imminent danger" exception to § 1915(g).

Accordingly, for purposes of proceedings in this Court only, Plaintiff's *in forma pauperis* status is **REVOKED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay the full filing fee of $350 for this action within **FIFTEEN (15) DAYS** of the entry of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not comply with this Order in the time allotted, this case will be closed for failure to comply with an order of this Court. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

**DATED: May 25, 2010**

/s/ DavidRHerndon
**DISTRICT JUDGE**